**UNITED STATES Of America,**
**Plaintiff—Appellee,**

v.

**Juan Carlos HERNANDEZ–GARCIA,**
**Defendant—Appellant.**

**No. 02–10451.**
**D.C. No. CR–02–00024–ECR.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2003.*

Decided June 17, 2003.

Before T.G. NELSON and HAWKINS, Circuit Judges, and ZILLY,** District Judge.

## MEMORANDUM***

Juan Carlos Hernandez–Garcia ("Hernandez") appeals his conviction for illegal re-entry after deportation. The district court determined that Hernandez was not entitled to derivative citizenship through his naturalized father and was thus appropriately considered an alien within the meaning of 8 U.S.C. § 1326. We affirm.

The district court correctly applied the former child citizenship provision embod-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ied in 8 U.S.C. § 1432 instead of the Child Citizenship Act of 2000 (the "CCA"). Hernandez turned eighteen prior to the effective date of the CCA. We have held that the CCA is not retroactive and that it "granted automatic citizenship only to those children who were under the age of 18, and who met the other criteria, on February 27, 2001." *Hughes v. Ashcroft,* 255 F.3d 752, 760 (9th Cir.2001).

Hernandez also contends that the pre-CCA statute violates equal protection because it treats the children of married parents differently from those whose parents are legally separated.[1] We need not reach this constitutional argument, however, because even if we agreed that the provision is unconstitutional, Hernandez would still not be entitled to the relief he seeks.

■ Even if we were to "re-write" the statute to require the naturalization of only one parent, Hernandez cannot satisfy the additional requirements of derivative citizenship found in Section 1432(a)(5). Hernandez was not residing in the United States "pursuant to a lawful admission for permanent residence" at the time of his father's naturalization.[2] 8 U.S.C. 1432(a)(5). Likewise, as testimony indicated that Hernandez had resided in the United States illegally for many years *prior* to his father's naturalization, he did not "*thereafter* begin[ ] to reside permanently in the United States" while under eighteen. *Id.* (emphasis added). Thus Hernandez would not be eligible for automatic derivative citizenship even if his father's

naturalization were sufficient. Because Hernandez's alleged injury cannot be redressed by a favorable decision, he lacks standing to challenge the constitutionality of Section 1432(a)(1). *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

■ The government is not required to prove the existence of Hernandez's prior underlying felony conviction beyond a reasonable doubt. *See Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). The Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), did not alter this rule. *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000). *Apprendi* cannot serve as a basis for overturning Hernandez's conviction.

AFFIRMED.

---

1. In a claim made for the first time on appeal, Hernandez contends that the differing treatment found in Section 1432 (children born outside the United States to alien parents) and Section 1433 (children born outside the United States to a citizen parent) also violates equal protection.

2. Although his father had filed an I–130 visa petition on his son's behalf, no further steps were taken to adjust his status. An approved I–130 petition is insufficient to confer lawful admission. *See Agyeman v. INS,* 296 F.3d 871, 879 (9th Cir.2002) ("approval of the I–139 does not automatically entitle the alien to adjustment of status" and only establishes eligibility for a status change).